Judgment reversed.

# John D. Pope
## v.
## W. U. Telegraph Co.

1. EVIDENCE—RES GESTÆ.—Where plaintiff offered evidence to prove that at the time he sent a telegraphic message he explained to the person receiving it and to the manager of the local office the importance of the message and the necessity of promptness in its transmission and delivery, such evidence would be admissible as constituting a part of the *res gestæ*.

5. NOTICE TO AGENT, NOTICE TO PRINCIPAL—APPLICATION OF RULE. —The general rule that notice to the agent is notice to the principal in regard to the transaction in which the agent is engaged should have a reasonable and just application, and when the principal is a corporation whose functions must all be performed by agents who are mainly independent of each other, it would seem necessary that the notice should reach the agent whose act is the subject of complaint or his official superior who may control or direct him.

3. NOTICE TO TELEGRAPH AGENTS.—INDEPENDENT AGENTS.—The local agent at the office where a telegraphic message is received has no authority or control over the agent at the other end of the line, and notice to the former should affect his principal only so far as his acts are concerned, and he is so far separate and disconnected from the agent at the other end of the line that as to the acts of the latter, the notice to the former has no legal effect.

4. QUESTION OF FACT.—The question whether a message is on its face such as to disclose the nature of the business and notify the defendant that its prompt delivery is necessary, is purely a question of fact and should be submitted to the jury, uninfluenced by the former opinion of this or the circuit court.

5. LIABILITY OF TELEGRAPH COMPANY FOR DELAY, ETC.—A telegraph company should be held strictly accountable for negligence in delaying the delivery of a message, and responsible for all damages necessarily and directly caused by such neglect in all cases where it knows or may be fairly

presumed to know that important interests are involved and that prompt service is therefore necessary.

6.  DELAY OF PARTY SENDING MESSAGE.—-The question whether a party was negligent in not sending a message sooner can not be raised in an action against the telegraph company by such party for delay in delivering the message. There is no ground for the application of the doctrine of contributory negligence.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 18, 1884.

Messrs. HAPPY & TRAVOUS, for appellant; that notice to an agent in charge of a particular business of a corporation is, as to such business, notice to the corporation, and it is not incumbent on plaintiff to show that he gave notice to each agent of the company, employed in any way about such business, cited Wade on Notice, §§ 672, 673, 681, 687, 983; U. S. Life Ins. Co. v. Advance Co., 80 Ill. 549; St. Paul F. & M. Ins. Co. v. Wells, 89 Ill. 82; U. S. Tel. Co. v. Gildersleve, 23 Md. 251; Bryant v. Am. Tel. Co., 1 Daly, 575; Rittenhouse v. Independent Line Tel. Co., 44 N. Y., 265; W. U. Tel. Co. v. Ward, 23 Ind. 377.

It was error for the court to refuse to instruct the jury that the message in this case was such as to disclose the nature of the business, and to notify defendant that its prompt delivery was necessary: Pope v. W. U. Tel. Co., 9 Bradwell, 283; Parks. v. Alta, Cal., Tel. Co., 13 Cal. 422; Sprague v. W. U. Tel. Co., 6 Daly, 200; Bryant v. W. U. Tel. Co.,1 Daly, 575; W. U. Tel. Co. v. Ward, 23 Ind. 377.

Messrs. IRWIN & SPRINGER, for appellee; that an instruction which assumes a controverted fact to be true, is erroneous, cited Wallace v. DeYoung, 98 Ill. 638; Morehouse v. Moulding, 74 Ill. 323; Russel v. Minteer, 83 Ill. 150; Chicago v. Bixby, 84 Ill. 82; C. W. D. Ry. Co. v. Mills, 91 Ill. 38.

The company should not be held for ulterior and remote consequences unless the character and object of the message appear upon its face, or the nature of the risk assumed by the company is made known to it by the sender: 3 Sutherland on Damages, 313, 314; Beaupri v. P. & Tel. Co., 21 Minn. 155;

W. U. Tel. Co. v. Martin, 9 Bradwell, 592; Stevens v. Montreal Tel. Co., 16 U. C. Q. B. 530; Baldwin v. U. S. Tel. Co., 45 N. Y. 744; Candee v. W. U. Tel. Co., 34 Wis. 471; Shields v. Wash. Tel. Co., 9 West. L. J. 283; Sanders v. Stuart,1 C. P. D. 326; Behm v. W. U. Tel. Co., 8 Cent. L. J. 455; Hadley v. Baxendale, 9 Exch. 341; McCall v. W. U. Tel. Co. 7 Abb. (N. C.) 151; Barnsville Bk. v. W. U. Tel. Co., 30 Ohio St.; Dorgan v. Tel. Co., 1 Am. L. T. 407; Hord v. W. U. Tel. Co., Law Bulletin, 3 (Cin.), 147; Lane v. Montreal Tel. Co., U. C. C. P. 23.

Wall, P. J. This case was before us at the August term, 1881, and was then reversed for the reasons stated in the opinion, 9 Bradwell, 283.

It has been again tried, resulting in a judgment for defendant below, and the record is again presented for our consideration.

Four points are made by the appellant in his brief, and we will consider them in their order.

It is urged that the circuit court erred in refusing to permit the plaintiff to prove that at the time he sent the message he explained to the person receiving it, and to the manager of the local office in St. Louis, the importance of the message, and the necessity of promptness in its transmission and delivery.

What was said by the parties on that occasion was a part of the *res gestœ*, and was admissible for that reason, if for no other; and if the cause of action depended upon the omission to send the message correctly and promptly, we should regard this as a vital point. But the failure complained of was in respect to the delivery of the message by the agent at Atlanta. It is a general rule that notice to the agent is notice to the principal in regard to the transaction in which the agent is engaged; but the rule must have a reasonable and just application, and when the principal is a corporation whose functions must all be performed by agents who are mainly independent of each other, it would seem necessary that the notice should reach the agent whose act is the subject of complaint, or his

official superior who may control or direct him. The local agent at the office whence the message is sent has no authority or control over the agents at the other end of the line, whose duty it is to take the message from the wire and promptly deliver to the person to whom it was addressed, nor are we aware of any consideration that would make it his duty to forward by telegraph to him any information he may possess as to the special importance of the message, and the necessity of its prompt delivery.

The agent is, for the time being and in respect to the act he is performing, to be treated as the principal whose place he fills, and therefore any notice given to him in that connection must be regarded as equivalent to notice to the principal, but it would be unjust and oppressive to charge the principal with notice given to some one of his numerous agents, unless that agent was in charge of that matter to which it relates and from which the controversy arises, or was in some way responsible in respect to it. Unless the agent at St. Louis had some authority over the agent at Atlanta, or in the discharge of his duty was authorized and required to transmit the notice received by him to the Atlanta agent, it would follow that for all practical purposes the notice might as well have been given to some agent in New York or Chicago, so far as it should affect the corporation in respect to the act of the agent at Atlanta.

While the part performed by the St. Louis agent was of course an essential and necessary feature of the whole transaction, yet we think that there is sound reason for saying that notice to him should affect his principal only so far as his acts were concerned, and that he is so far separate and disconnected from the agent at Atlanta that as to the acts of the latter the notice to the former has no legal effect. Story on Agency, § 140 et seq.; Angell and Ames on Corporations, § 305; Shearman and Redfield on Negligence, § 605; 1 Parsons on Contracts, 77. We are inclined to hold, therefore, that while the evidence should have been admitted because it was a part of the *res gestæ*, yet as it appears the injury complained of was not through the default of the St. Louis agent,

the ruling of the court did no special harm, and the case should not be reversed for this cause alone.

The second point urged is that the circuit court erred in not instructing the jury, as asked by the plaintiff, that the message in question was on its face such as to disclose the nature of the business and notify the defendant that its prompt delivery was necessary. It is true that in the opinion of this court when this case was here before, an expression to that effect was employed, but this was merely a conclusion of fact drawn by the court, and it was not intended that the jury should be so instructed as a matter of law. In considering the case as then before us we had necessarily to examine the questions of fact presented by the evidence, and while we reached the conclusion stated upon that question, it is purely a question of fact, not of law, which this court might determine for itself in the consideration of the whole record, but which the jury should be permitted to pass upon, when the case is submitted to them uninfluenced by the opinion of this or the circuit court.

We do not care to enter upon the wide field of inquiry to which we are invited by the briefs of counsel as to the rulings of various courts of last resort upon questions of liability of telegraph companies for failing to transmit correctly and deliver promptly the messages involved in those cases and the damages to be recovered for such neglect.

There is some apparent conflict in the cases, but they are quite dissimilar in their facts, and we find no occasion now to attempt their discussion for the purpose of ascertaining the limits and boundaries of duty and liability in kindred cases.

It may not, however, be amiss to refer to Tyler v. Ulman, 60 Ill. 421, as settling some of these questions and to add that as the prime object of the telegraph is to send intelligence quickly, it is to be presumed that any message of a business nature should be transmitted and delivered as promptly as the circumstances will permit. Such is the scope of the undertaking, otherwise it might as well be sent by another and a cheaper agency.

In the present condition of society it is not only con-

venient but indispensable to transact a large portion of most important business matters through this medium.

The telegraph company holds itself out to the public as ready and able to perform such a service, and accepts the money of its patrons therefor. It is but reasonable to hold it strictly accountable for negligence and responsible for all damages necessarily and directly caused by such neglect in all cases where it knows or may be fairly presumed to know that important interests are involved and that prompt service is therefore necessary.

The third point urged is as to the ruling of the circuit court in giving and refusing instructions. At the instance of the defendant the court gave the following:

3. "Although the jury may believe from the evidence that the defendant was guilty of negligence in failing to deliver the message in time to prevent the sale, yet, if the jury further believe from the evidence that the plaintiff was guilty of negligence in delaying the sending of the message from St. Louis until 9:35 A. M. of the day of the sale, and that the negligence of the defendant in failing to deliver said message as aforesaid was slight in comparison with the negligence of plaintiff in delaying the sending of said message as aforesaid, then the law is that the plaintiff can not recover; and the jury must find for the defendant," and refused the following, asked by plaintiff:

10. "The jury are not called upon to determine whether or not plaintiff could have prevented the sale of the property in question by sending his message sooner. The question on this branch of the case is whether defendant forwarded and delivered said message with due diligence and speed (under the circumstances of this case), after the message had been furnished for transmission. The liability of defendant depends on whether it performed its duty according to law, and if it failed in this respect and damages resulted to plaintiff, then defendant is liable."

It will be seen that the court thus advised the jury that the delay of the plaintiff in sending the message might be regarded as such negligence as would constitute a defense if the

Pope v. W. U. Telegraph Co.

negligence of the defendant was slight in comparison. We are unable to see upon what legal ground the defendant can raise a question of this sort.

The relation of the parties to this suit had its inception in the contract by which the defendant undertook, for the price paid, to transmit this message. The defendant had no interest in the previous conduct of the plaintiff, nor had the plaintiff been under any duty or obligation to the defendant; nor was his previous negligence in attending to his own affairs a matter of which defendant could complain. His necessities, no matter how produced, led him to apply, at the time stated, to the defendant to transmit this message, and for the price paid, the defendant agreed to do so, and bound itself by the undertaking to use due diligence therein. It did not undertake that the plaintiff should derive any particular advantage by reason of the proper performance of its duty; all it need to do is to show that it did use the measure of diligence called for by the nature of the undertaking.

If it has done this it is not liable.

Now, in settling the question as to whether the obligation has been performed, how is it possible that the previous negligence and carelessness of the plaintiff, his delay in sending the message, can be involved? How has that contributed in any way to produce the negligent act of defendant which is complained of?

Had he made a mistake in the name or direction or in the language of the message which, by any fair process of reasoning, could be said to have produced or tended to produce the alleged default, then the doctrine of contributory negligence might be applied. But there is no case for its application here. As well might the defendant set up the negligence or misfortune of plaintiff in not paying the debt when due, thus obviating all · necessity for the sale. Had not this misfortune or negligence existed he would have had no occasion whatever to employ the services of defendants. He might have sent the funds in due season, and conducted the correspondence by mail without invoking the aid of the telegraph.

We are of opinion the circuit court erred in giving the third instruction asked by defendant, and in refusing the tenth asked by plaintiff. The fourth point raised by the appellant relates merely to the questions of fact involved in the case. These we do not desire to decide at this time. They are to be passed upon by another jury, and we shall not now express any opinion thereon. For the error above indicated the judgment will be reversed and the cause remanded.

Reversed and remanded.